**Larry Gene POWELL, Petitioner–Appellant,**

v.

**Les E. FLEMING and Janet Reno, Respondents–Appellees.**

**No. 01–6217.**

United States Court of Appeals, Tenth Circuit.

Dec. 21, 2001.

---

Before HENRY, BRISCOE, and
MURPHY, Circuit Judges.

ORDER AND JUDGMENT [*]

HENRY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to honor petitioner-appellant Larry Gene Powell's request for decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f). The case is therefore submitted without oral argument.

Mr. Powell, a federal prisoner proceeding pro se, 1) appeals the denial of his 28 U.S.C. § 2241 habeas corpus petition and 2) seeks authorization to proceed, for purposes of this appeal, *in forma pauperis* ("*ifp* "). For the reasons stated below, we AFFIRM, in part, and REVERSE, in part, the district court's dismissal of Mr. Powell's habeas petition and we GRANT Mr. Powell's request to proceed *ifp*.

Mr. Powell is presently incarcerated pursuant to a conviction and sentence entered in the United States District Court for the Northen District of Texas. Mr. Powell pled guilty to one violation of 18 U.S.C. § 1958 ("Use of interstate commerce facilities in the commission of murder-for-hire"); the district court sentenced Mr. Powell to a 120 month term of imprisonment. Mr. Powell filed a direct appeal, and the Fifth Circuit affirmed both the conviction and the sentence. *See United States v. Powell,* 213 F.3d 635 (5th Cir. 2000) (table disposition).

The Bureau of Prisons ("BOP") administers a number of rules governing the conduct of prisoners confined within BOP facilities; while in federal prison, Mr. Powell has accumulated a number of "Incident Reports" arising from purported infractions of those rules. The majority of Mr. Powell's infractions concern his efforts to direct mail to his alleged common law wife, Kathryn Lynn Crayne. Ms. Crayne is confined in a separate BOP facility and has, according to BOP officials, expressly requested that she not receive mail from Mr. Powell. On July 5, 2000, Mr. Powell filed, in the United States District Court for the Western District of Oklahoma, a § 2241 petition for habeas corpus relief.[1] In that § 2241 petition, Mr. Powell failed to request any particular form of relief. *See* Rec. vol. I, doc. 1 (petition for writ of habeas corpus). Subsequently, and as noted by the district court, Mr. Powell has requested particular relief. *See* Rec. vol. II, doc. 12, at 4 (petitioner's objections and second response) (unpaginated) (requesting the "full expunction of all Incident Reports from his prison record," a "sentence reduction," and "unconditional release from prison"). In his appellate brief, Mr. Powell would apparently limit the relief requested; Mr. Powell now seeks federal court intervention only to: 1) "expunge all Incident Reports" from his prison record and 2) compel the BOP to permit him to write to, and otherwise communicate with, Ms. Crayne. Aplt's Br. at 3.

Mr. Powell asserts four grounds allegedly entitling him to the relief requested.

---

[*] This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. At the time he filed the instant habeas action, Mr. Powell was housed in a BOP facility in El Reno, Oklahoma (located within the jurisdiction of the Western District of Oklahoma). "A petition under 28 U.S.C. § 2241 ... must be filed in the district where the prisoner is confined." *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir.1996). Mr. Powell is currently incarcerated in a BOP facility in Beaumont, Texas.

First, Mr. Powell alleges harassment by BOP officials such as to "hinder[ ], obstruct[ ], and block[ ]" his access to the courts. Rec. vol. I, doc. 1, at 4 (petition for writ of habeas corpus). Second, Mr. Powell alleges "[i]nterference with a marital relationship." *Id.* at 5. Third, Mr. Powell alleges retaliatory actions by BOP officials for his cooperation with an investigation into improper conduct by certain BOP staff. *See id.* at 5. Fourth, Mr. Powell alleges "abuse of the prison disciplinary system," "cruel and unusual punishment," and violation of privacy rights related to the theft of his mail. *Id.* at 5. All of Mr. Powell's claims revolve around the BOP's alleged abuse of the prison discipline system, particularly in regard to Mr. Powell's attempted communication with Ms. Crayne. *See id.* at 2, 4, and 7 ("This petition is attacking prison discipline only."). Mr. Powell does not allege the loss of good-time credits.

The district court, incorporating a Magistrate's Report and Recommendation, denied relief and dismissed Mr. Powell's habeas petition. Construing Mr. Powell's allegations liberally, pursuant to *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam), the district court interpreted Mr. Powell's petition to allege a violation of his Due Process rights under the Fifth Amendment to the United States Constitution. The district court concluded, however, that Mr. Powell's claim did not raise an adequate Due Process Clause challenge: Mr. Powell failed to identify the denial of either constitutionally requisite process or a substantive liberty interest. *See Sandin v. Conner,* 515 U.S. 472, 484, 486–87, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

Continuing to liberally construe Mr. Powell's action, the district court next considered recasting the action as not a § 2241 habeas action but as, instead, an action arising under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Section 2241 provides a means by which a prisoner may challenge the execution of a particular sentence; more specifically, § 2241 permits a prisoner to challenge the length of his or her confinement. *See Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir.1996) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity ...."). An action arising under *Bivens,* on the other hand, provides a means by which a prisoner may challenge the conditions of his or her confinement. *See McIntosh v. United States Parole Comm'n,* 115 F.3d 809, 811–12 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action ... attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions.") (internal quotation marks omitted). The district court implicitly acknowledged that at least some of Mr. Powell's allegations might be construed to challenge the conditions of his confinement.

Ultimately, however, the district court concluded that Mr. Powell's § 2241 petition could not be salvaged by recasting that petition as a *Bivens* action. The district court noted that 1) Mr. Powell requested at least some relief only available through a habeas action (sentence modification and unconditional release); 2) Mr. Powell failed to pay the higher filing fee associated with a *Bivens* action; and 3) Mr. Powell's subsequent transfer to a different BOP facility rendered moot his

claims for equitable relief. Having identified no means by which to avoid dismissing Mr. Powell's petition, the district court dismissed the petition.[2]

■ We agree with the district court that, insofar as Mr. Powell's petition is construed strictly as one arising under § 2241, Mr. Powell is entitled to no relief. We further agree with the district court that, in this case, conformance with the dictates of *Haines* requires that we consider recasting Mr. Powell's petition as one arising under *Bivens. See Wilwording v. Swenson,* 404 U.S. 249, 251, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971) (per curiam) (construing dismissed habeas claims as § 1983 claims and remanding for further proceedings); *see also Doe v. Reno,* No. 98–1252, 1999 WL 89030 (10th Cir. Feb.23, 1999) (unpublished disposition) (reversing a district court's dismissal of a § 2241 petitioner's claim where the district court should have construed that claim as one arising under *Bivens* ).

■ We must, however, disagree with the district court's analysis regarding the availability of a *Bivens* action. We certainly agree that, once Mr. Powell's action is construed as a *Bivens* action, Mr. Powell is foreclosed from seeking either a sentence reduction or unconditional release. The *Bivens* vehicle, however, does not foreclose Mr. Powell from seeking equitable relief in the form of either the expunction of particular Incident Reports or an order barring BOP officials from interfering with certain communications with Ms. Crayne. *See, e.g., Farmer v. Brennan,* 511 U.S. 825, 851, 114 S.Ct. 1970, 128

L.Ed.2d 811 (1994) (vacating the dismissal of a prisoner's *Bivens* action in which the prisoner sought injunctive relief). Nor do we see how the BOP's transfer of Mr. Powell to another BOP facility leaves his action moot. Mr. Powell still, presumably, seeks both the expunction of certain Incident Reports from his prison record along with an order prohibiting BOP personnel from obstructing certain communications with Ms. Crayne. Thus, we conclude, the district court has not identified any obstacle leaving a *Bivens* action definitively unavailable to Mr. Powell.

■ We are left with a pro se litigant who incorrectly filed a § 2241 habeas action rather than a *Bivens* action and, consequently, failed to pay the appropriate filing fee. We also face some residual concern regarding whether Mr. Powell has exhausted his requisite administrative remedies. *See* Rec. vol. II, doc. 21, at 2 (Dist. Ct. Order, filed May 14, 2001) (incorporating the Magistrate's Report and Recommendation, Rec. vol. II, doc. 20, at 12 n. 9); *but cf. Oxendine v. Kaplan,* 241 F.3d 1272, 1274 n. 3 (10th Cir.2001) (quoting *Garrett v. Hawk,* 127 F.3d 1263, 1267 (10th Cir.1997): " 'Congress has to date failed to provide any administrative remedies that must or even could be exhausted before a *Bivens* suit may be brought by prisoners against prison officials. While Congress easily can amend this oversight, until an administrative remedy is provided for *Bivens* claims for monetary damages, we must conclude that no exhaustion of administrative remedies is required . . . ' "). In light of these facts, we conclude that the district court did not abuse its discre-

---

**2.** The district court also noted that, to any extent to which Mr. Powell may seek to challenge the validity of his underlying conviction, Mr. Powell must do so via a 28 U.S.C. § 2255

habeas petition filed in the federal district court that rendered the conviction, here the United States District Court for the Northern District of Texas.

tion in dismissing Mr. Powell's petition. *See Huerta v. Hawk Sawyer*, No. 00–1255, 2001 WL 896790 (10th Cir. Aug.9, 2001) (unpublished disposition) (affirming a district court's dismissal of a § 2241 petition where the petitioner should have filed a § 1983 action; thus indicating that, at least in certain circumstances, a district court, after explicitly considering the recasting of a petitioner's action, may elect to dismiss a habeas petition and require that the petitioner refile his or her action in the proper form, even where the petitioner's action, once recast, seems to present a claim). We would emphasize again, however, that, if he so elects, Mr. Powell may still bring a *Bivens* action premised upon the conduct of which he complains in this action. Before doing so, Mr. Powell should ensure that he has exhausted any requisite administrative remedies and that he can allege violations of actual civil rights. We, of course, express no opinion on the merits of any of Mr. Powell's possible *Bivens* claims.

Having reviewed Mr. Powell's appellate brief, the district court's order, the Magistrate's Report and Recommendation, and the appellate record, and having liberally construed all of the materials submitted by Mr. Powell, *see Haines*, 404 U.S. at 520–21, 92 S.Ct. 594, we AFFIRM the district court order insofar as that order dismisses, with prejudice, Mr. Powell's § 2241 claims, and REVERSE and REMAND with directions to dismiss, explicitly without prejudice, Mr. Powell's claims that might arise under *Bivens*. We GRANT Mr. Powell's motion to proceed *ifp* for purposes of this appeal.